UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOHN WESLEY HOLLINGTON | ) | CASE NO. 24-03270-DSC13 |
| | ) | |
| | ) | CHAPTER 13 |
| | ) | |
| | ) | ADVERSARY PROCEEDING NO. |
| | ) | |
| STEVEN G. HANEY, | ) | |
| | ) | |
| Plaintiff/Creditor, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN WESLEY HOLLINGTON; DISTINCTIVE POOLS AND SPAS, LLC DBA HOLLINGTON POOLS, LLC; AND HOLLINGTON POOLS, LLC | ) ) ) ) ) | |
| | ) | |
| Defendant/Debtor. | ) | |

**COMPLAINT OBJECTING TO DISCHARGEABILITY**
**PURSUANT TO 11 U.S.C. §523(a)(2)(A)**

COMES NOW Steven G. Haney ("Creditor"), creditor in the above- referenced bankruptcy case, and files his complaint against the Debtor, John Wesley Hollington ("Debtor") and Defendants to object to the Debtor's discharge pursuant to 11 U.S.C. §523(a)(2)(A) and 11 U.S.C. §523(a)(4), as follows:

**PARTIES AND JURISDICTION**

1. Steven G. Haney is a creditor in the Debtor's Chapter 13 bankruptcy case. See Claim 19, Parts 1-3.

2. John Wesley Hollington is the debtor in the above-referenced Chapter 13 bankruptcy case in the United States Bankruptcy Court, Northern District, Southern Division, having filed a voluntary Chapter 13 petition on or about October 25, 2024.

3. Hollington Pools, LLC ("Hollington LLC") is an Alabama limited liability company doing business in the State of Alabama at all times material hereto.

4. On information and belief, Distinctive Pools, LLC dba Hollington Pools ("DP/DBA LLC") is an Alabama limited liability company doing business in the State of Alabama.

5. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b). This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(J).

## ALLEGATIONS

5. On December 7, 2023, Creditor and his wife, Melanie Wilson, received a letter and bid from Debtor as an agent of Barrier Reef Pools for the installation of a pool at their home in Jefferson County, Alabama. On February 24, 2024, Debtor forwarded to Creditor an installation contract from Hollington LLC naming DP/DBA LLC as the contractor ("Installation Contract"), along with and incorporating an agreement from Earth Brothers dated February 24, 2024, to perform landscaping. Debtor signed each such instrument on behalf of the contracting business.

6. February 25, 2024, the Creditor executed the Installation Contract for the purchase and installation of a Coral Sea 31' Lounger home swimming pool and associated earthwork and landscaping. The Contract was for a fixed price basis in the amount of $79,425.00, plus $50,000.00 for the landscaping. See Exhibit A.

7. The Debtor told the Creditor that half of the balance for the pool installation would need to be paid prior to the commencement of the project to be used for the purchase of the pool and building supplies. On March 13, 2024, the Creditor delivered a payment in the amount of $39,712.50 to the Debtor for the purchase of said supplies. See Exhibit A.

8. Debtor commenced work and installed the pool shell, triggering payment of the balance of the contract. On June 17, 2024, Creditor delivered a second payment in the amount of $35,741.20 to Debtor in accordance with the Contract, bringing its total payment to Debtor to the amount of 75,453.70. See Exhibit A.

9. Upon information and belief, after accepting the Creditor's payment, the Debtor went on an extended European vacation without completing the pool installation.

10. Creditor has learned that neither Debtor, DP/DBA LLC, nor Hollington LLC or any other nominal representative of Debtor obtained necessary permits for the earthwork, retaining wall, and installation of the pool.

11. The work done by Debtor violated governmental ordinances requiring total remediation and replacement of the work done. In discussions with Creditor, Debtor refused to correct or complete the work pursuant to the Contract or to obtain the necessary permits or remediate the work.

12. Creditor was forced to hire an attorney to navigate and remedy the permitting and zoning violations, and pay a third party to obtain the necessary permits and thoroughly re-do the installation improperly done by Debtor. Creditor has paid an additional $70,414.53 to remediate and complete the work Debtor was paid to perform. See Exhibit B.

13. The Debtor has operated Hollington LLC without respecting the corporate form and rules of governance.

14. On information and belief, the Debtor used and held himself out as an agent for "Distinctive Pools, LLC" on the Contract, to avoid personal exposure, and without respecting the corporate form and rules of governance. The Debtor has operated DP/DBA LLC without respecting the corporate form and rules of governance.

15. Upon information and belief, neither Debtor nor Hollington LLC or DP/DBA LLC were properly licensed and/or insured at the time of the transaction with the Creditor.

16. Upon information and belief, Debtor has co-mingled personal funds and business funds, undercapitalized the business, used the business form for fraudulent purposes, drained the business of funds, used business funds for personal expenses, failed to keep adequate and necessary business records, and/or failed to comply with formalities of limited liability company organization.

17. As a proximate result of the Debtor's fraudulent claims and actions, the Creditor has suffered damages in excess of $145,867.73.

## COUNT ONE – FRAUD AND FALSE REPRESENTATION

18. The Creditor adopts and incorporates by reference the allegations in paragraphs 1-17 above.

19. The Debtor made representations to the Creditor that the Debtor and/or Defendant Hollington LLC or Defendant DP/DBA LLC would perform permitted, licensed installation of a pool and of landscape improvements in exchange for payment from the Creditor. These representations were false, and the Debtor knew that they were false at the time that they were made.

20. The Creditor relied on the Debtor's misrepresentations and provided payment to the Debtor based upon those misrepresentations without knowledge of suppressed facts, including without limitation that the Debtor's business was insolvent and was not properly licensed and insured at the time of the transaction, and that Debtor did not have the skill or means to complete the pool installation.

21. Pursuant to 11 U.S.C. §523(a)(2)(A), Hollington should be held personally liable to Creditor for fraudulently suppressing material facts for the purpose of misleading Creditor into paying for a pool that Hollington did not intend to produce and did not have the license, skills, or knowledge to produce.

22. The Creditor requests that this Court enter an order denying a discharge to the Debtor pursuant to the provisions of 11 U.S.C. §523(a)(2)(A) which states, "A discharge …does not discharge an individual debtor from any debt…for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by… false pretenses, a false representation, or actual fraud."

## COUNT II – FRAUD WHILE ACTING AS A FIDUCIARY

23. The Creditor adopts and incorporates by reference the allegations in paragraphs 1-22 above.

24. Upon taking possession of the funds from the Creditor, the Debtor was acting as a fiduciary on behalf of the Creditor.

25. The Creditor requests that this Court enter an order denying a discharge to the Debtor pursuant to the provisions of 11 U.S.C. §523(a)(4) which states that, "A discharge …does not discharge an individual debtor from any debt…for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

## PIERCING THE CORPORATE VEIL

26. The Creditor adopts and incorporates by reference the allegations in paragraphs 1-25 above.

27. The Debtor has operated without respecting the corporate form of Defendant Hollington LLC or DP/DBA LLC. Upon information and belief, Debtor has co-mingled personal funds and business funds, undercapitalized his businesses, used the corporate form for fraudulent

purposes, drained the businesses of funds, used business funds for personal expenses, used the businesses as a subterfuge, failed to keep adequate and necessary business records, and/or failed to comply with the formalities of limited liability company organization. Debtor has exercised domination over the management of the business, which he has misused. Continued recognition of the corporate existence is unjust and inequitable under the circumstances. Defendants Hollington LLC and DP/DBA LLC are nothing more than the alter egos of Debtor Wes Hollington.

28. Creditor Steven G. Haney has been damaged by the actions of the Debtor and is entitled to pierce the corporate veil of Defendants Hollington LLC and DP/DBA LLC such that the Debtor would be held personally responsible for the actions of, and damages inflicted by, such Defendants.

WHEREFORE, PREMISES CONSIDERED, the Creditor respectfully requests that this Court enter an order piercing the corporate veils of Hollington LLC and DP/DBA LLC and determining that the debt owed to Creditor is a personal, non-dischargeable debt of the Debtor, and for all other and further relief to which he may be entitled.

/s/ Sylvion S. Moss
Sylvion S. Moss (ASB-7612-Y82M)
Attorney for Plaintiff/Creditor

**OF COUNSEL:**
LAW WORKS, LLC
2100 First Avenue North, Suite 500
Birmingham, AL 35203
205.421.9077
800.856.9028 fax
sylvion@lawworksllc.com

## CERTIFICATE OF SERVICE

       I hereby certify that on February 3, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send required notification of such filing and that any non-E-filing participants to whom the foregoing is due will have a copy of same placed in the United States mail, first class postage prepaid and properly addressed this same day.

                                                /s/ Sylvion S. Moss
                                                OF COUNSEL